UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TONYA MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-148 |
| | § | |
| ADVANCED MEDICAL OPTICS INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On October 29, 2008, came on to be considered Plaintiff's discovery issues. Defendant represented to the Court that it had answered Plaintiff's interrogatories fully and that it would timely supplement its responses as additional information became available. The Court ORDERS as follows:

(1) <u>Plaintiff's Interrogatory No. 8</u>. Defendant's objections are overruled. Defendant is ORDERED to produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, information related to lawsuits and complaints filed anywhere in the world by persons who developed an AK infection after using Defendant's COMPLETE MoisturePLUS MPS product. The phrase "lawsuits and complaints" includes (1) formal lawsuits, (2) complaints lodged with Defendant by injured customers, and (3) incidents discovered independently by Defendant. Defendant must file an un-redacted version of this production with the Court under seal, but may redact personal identifying information from the documents produced to Plaintiff.

(2) <u>Plaintiff's Interrogatory No. 7</u>. Defendant's objections are overruled in part. Defendant is ORDERED to produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, (1) all information related to any and all testing of the COMPLETE MoisturePLUS MPS product conducted before the product was recalled, and (2) all information related to any and all testing of the COMPLETE MoisturePLUS MPS product conducted after the product was recalled that is not subject to the attorney-client or work product privileges. This production shall include information regarding any tests performed to evaluate the safety and/or efficacy of the COMPLETE MoisturePLUS MPS product, including (a) the titles and dates of the tests, (b) the persons and departments responsible for designing the tests, (c) the persons and departments responsible for conducting the tests, and (d) brief descriptions of the nature of the tests. With respect to information

related to testing of the COMPLETE MoisturePLUS MPS product conducted after the product was recalled that Defendant contends is subject to the attorney-client or work product privileges, Defendant may file a motion for a protective order to exclude such documents and information from production and the Court will make its ruling after briefing and, if necessary, a hearing.

(3)   Plaintiff's Request for Production No. 4.   Defendant's objections are overruled in part.  Defendant is ORDERED to produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, (1) all documents and things related to any and all testing of the COMPLETE MoisturePLUS MPS product conducted before the product was recalled, and (2) all documents and things related to any and all testing of the COMPLETE MoisturePLUS MPS product conducted after the product was recalled that are not subject to the attorney-client or work product privileges.  With respect to the documents and things related to testing of the COMPLETE MoisturePLUS MPS product conducted after the product was recalled that Defendant contends are subject to the attorney-client or work product privileges, Defendant may file a motion for a protective order to exclude such documents and information from production and the Court will make its ruling after briefing and, if necessary, a hearing.

(4)   Plaintiff's Request for Production No. 1.   Defendant's objections are overruled in part.  Defendant is ORDERED to produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, Defendant's manufacturing agreements with its Chinese manufacturing facility.

(5)   Plaintiff's Request for Production No. 8.  Defendant's objections are overruled.  Defendant is ORDERED to produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, all responsive documents from the beginning of 2003 through January of 2007.

(6)   Plaintiff's Request for Production No. 13.   Defendant's objections are overruled in part.  Defendant is ORDERED to produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, all proposed warnings or instructions for the COMPLETE MoisturePLUS MPS product that are not subject to the attorney-client or work product privileges.  Defendant must also produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, a privilege log listing any documents withheld and/or information redacted.

(7)   Plaintiff's Request for Production Nos. 14 and 15.  Defendant's objections are overruled in part.  Defendant is ORDERED to produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, all responsive documents related to the COMPLETE MoisturePLUS MPS product.

(8)   Plaintiff's Request for Production No. 24.  Defendant's objections are overruled in part.  Defendant is ORDERED to produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, (1) all documents and information regarding safer

alternative designs of the COMPLETE MoisturePLUS MPS product developed before the product was recalled, and (2) all documents and information regarding safer alternative designs of the COMPLETE MoisturePLUS MPS product developed after the product was recalled that are not subject to the attorney-client or work product privileges. With respect to documents and information regarding safer alternative designs of the COMPLETE MoisturePLUS MPS product developed after the product was recalled that Defendant contends are subject to the attorney-client or work product privileges, Defendant may file a motion for a protective order to exclude such documents and information from production and the Court will make its ruling after briefing and, if necessary, a hearing.

(9) <u>Plaintiff's Request for Production No. 26</u>. Defendant's objections are overruled. Defendant is ORDERED to produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, all documents and things produced in the California consolidated cases. Plaintiff agrees to abide by the protective order in place in the California consolidated cases with respect to all documents and things produced in the California consolidated cases. All documents and things produced in this case shall be covered by the "sharing" protective order discussed below.

(10) <u>Plaintiff's Request for Production No. 39</u>. Defendant's objections are overruled in part. Defendant is ORDERED to produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, all responsive documents that are not subject to the attorney-client or work product privileges. Defendant must also produce to Plaintiff, no later than November 19, 2008, at 5:00 PM, a privilege log listing any documents withheld and/or information redacted.

(11) <u>"Sharing" Protective Order</u>. The protective order in this case will be a "sharing" protective order and will apply to all documents and things produced in this case. Plaintiff will be permitted to share the documents produced by the Defendant with similarly situated plaintiffs and their attorneys so long as those attorneys sign the "sharing" protective agreement and so long as, in advance of any sharing by the Plaintiff, Plaintiff gives Defendant notice and 20-day opportunity to object.

SIGNED and ORDERED this 4th day of November, 2008.

_____
Janis Graham Jack
United States District Judge